C. A. No. 78-171. STATE *v.* VINCENT GIORDANO. The petitioner's motion for transcript of the Superior Court bail hearing as prayed is denied as moot. The petition for writ of habeas corpus is denied.

Mr. Justice Doris did not participate. *Dennis J. Roberts II,* Attorney General, *Faith A. LaSalle,* Special Assistant Attorney General, for plaintiff-respondent, *Vincent Giordano,* pro se, for petitioner.

C. A. No. 79-296. STATE *v.* VINCENT GIORDANO. The petition for writ of habeas corpus is denied.

Mr. Justice Doris did not participate. *Dennis J. Roberts II,* Attorney General, *Faith A. LaSalle,* Special Assistant Attorney General, for plaintiff-respondent, *Vincent Giordano,* pro se, for petitioner.

Appeal No. 78-220. GUSTAVE D. HEON, ADMINISTRATOR OF THE ESTATE OF LEONTINE A. HEON *v.* PAUL A. BOUCHER *et ux.* On December 15, 1975, at approximately 1 p.m., the defendant husband, Paul A. Boucher, was operating his wife's automobile in a northerly direction along Lonsdale Avenue in Pawtucket. The vehicle struck and fatally injured Leontine A. Heon, a 71-year-old pedestrian who was attempting to cross the highway. She died within minutes, and this civil action ensued.

At a Superior Court jury-waived hearing, the trial justice found that Mr. Boucher was 75 per cent responsible and awarded damages accordingly. While Mr. Boucher maintained that he was proceeding along the highway at approximately 20 to 25 miles per hour, the trial justice rejected this testimony. In doing so, he relied upon a police report which indicated that skid marks at the scene revealed that the vehicle traveled at least 40 feet before it came to a halt. In this appeal, the Bouchers claim that the trial justice erred in relying on the skid-mark testimony "because there was no evidence that the vehicle stopped immediately upon impact."

On December 4, 1979, the Bouchers, through counsel, appeared before us in response to our order to show cause why their appeal should not be summarily dismissed in light